## John F. Devine, Administrator, Appellee, v. L. Fish Furniture Company, Appellant.

### Gen. No. 19,618. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of Banford T. Sinclair, deceased, against L. Fish Furniture Company, Katharine McCormick, Eleanor Patterson, Joseph Medill Patterson and Robert Rutherford McCormick to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of defendants in not maintaining sufficient and reasonable means of escape in case of fire from a building occupied by L. Fish Furniture Company under a lease from the other defendants as trustees. The jury returned a verdict finding the L. Fish Furniture Company guilty and the other defendants not guilty and a judgment for eighty-five hundred dollars, the amount of the verdict, was entered against the Furniture Company. To reverse the judgment, the latter appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The plaintiff's intestate was employed in the office on the sixth floor of the appellant's mercantile establishment and was killed by a fire that occurred in said premises on March 25, 1910. Fourteen persons were working on the sixth floor at the time the fire broke out, and eleven of them were killed. A number of suits were started against appellant as a result of the fire. One of them was decided by the Appellate Court in *Hunt v. L. Fish Furniture Co.*, 187 Ill. App. 326. The statement of the court in the present case refers to the statement of facts in that case as serving the same office for the opinion in this case, so far as the evidence is concerned, on account of there being an agreement between counsel that the evidence in that case is substantially the same as in the case at bar. As the declarations in the two cases are not the same, that part of the said statement referring to the declaration may be disregarded.

MILLER, GORHAM & WALES, for appellant.

JAMES L. BYNUM and CHARLES C. SPENCER, for appellee; BERNHARDT FRANK, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 795*—*when instruction as to liability under Factory Act may be refused.* In an action to recover for the death of an employee by fire in defendant's building alleged to have resulted from failure of defendant to provide means of egress as required by section 14 of the Factory Act, Hurd's R. S. 1912, ch. 48, p. 1131, J. & A. ¶ 5404, refusal of court to instruct the jury that defendant was not liable unless it had been notified by the Chief State Factory Inspector or his deputy that the means of egress were insufficient and unreasonable, and had specified the necessary changes, *held* not error.

2. MASTER AND SERVANT, § 801*—*when instruction not in language of Factory Act not erroneous.* In an action for the death of an employee based on a violation of section 14 of the Factory Act, J. & A. ¶ 5404, an instruction giving the legal effect of the statute

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

instead of using the exact language of the statute, *held* not erroneous.

3. INSTRUCTIONS, § 38*—*when may not be given in language of statute.* A court in instructing a jury as to a statute is not compelled to quote the statute *verbatim*, but may instruct the jury as to the legal effect of the same; and in cases where there is anything in the language of the statute calculated to mislead the jury as to the law, the latter method is to be preferred.

4. MASTER AND SERVANT, § 801*—*when instruction as to what constitutes compliance with Factory Act correct.* An instruction telling the jury that the duty of the defendant under section 14 of the Factory Act, J. & A. ¶ 5404, is not fulfilled by providing any number of means of egress, if they believe from the evidence that the means of escape provided are not sufficient and reasonable means of escape in case of fire, *held* to correctly state the law.

5. MASTER AND SERVANT, § 801*—*when instruction on duty of employer to provide means of escape in case of fire not erroneous.* An instruction quoting section 14 of the Factory Act *verbatim* and then stating, "and by reason of such statute, it then and there became the duty of said defendants and all of them to provide such building with reasonable and sufficient means of escape in case of fire," *held* not erroneous for the reason that it did not add to the latter part of the instruction the statutory words, "by more than one means of egress."

6. MASTER AND SERVANT, § 777*—*when requested instruction properly refused as misleading.* A requested instruction to the effect that the employer is not an insurer of the safety of the deceased employee, *held* properly refused as calculated to confuse and mislead the jury where plaintiff did not contend that defendant was liable as an insurer.

7. MASTER AND SERVANT, § 801*—*when requested instruction properly refused.* In an action for the death of an employee based on a violation of section 14 of the Factory Act, J. & A. ¶ 5404, an instruction offered by defendant, which told the jury as a matter of law that if they found from the evidence that the defendant had at the time of the fire provided the building with sufficient and reasonable means of escape in case of fire by more than one means of egress, and that such means of escape were at the time of the fire plainly marked and free from any obstruction interfering with access thereto, then the said defendant cannot be held liable because the fire originated in the part of the building where such means of escape were located and thus cut off access to such means of escape, but in that event they must find the defendant not guilty, *held* properly refused for the reason it was misleading and argumentative, and that it assumed that the means of escape were cut off to the employee by the fire and not by alleged obstructions; and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*held* that it was erroneous also for the reason that it called upon the court to hold that the statute was complied with if more than one means of egress were provided for, and such means of escape were plainly marked and free from any obstruction.

8. APPEAL AND ERROR, § 1463*—*when refusal to exclude testimony harmless.* Refusal of court to strike out testimony of a witness and refusal to instruct the jury to disregard the same on the ground of its incompetency, *held* not prejudicial where the admission of the testimony could not have harmed the complaining party.